UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL ANDREWS,

                Plaintiff,

             -against-

JAMES JOHNSON; DANIEL H.. WOLF;
BENJAMIN SHRIER; RUSHMI BHASKARAN;
JUDGE ENGELMAYER; KEVIN KEATING;
SUSAN KELLMAN; IZRA SPILKE,

                Defendants.

21-CV-8310 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Yaphank Correctional Facility, brings this action alleging that Defendants violated his federal constitutional rights in connection with his arrest and criminal proceedings in this court before Judge Paul A. Engelmayer. *See United States v. Randall*, No. 19-CR-0131-06 (PAE) (S.D.N.Y. Dec. 3, 2020). By order dated January 10, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings malicious prosecution claims arising out of his criminal proceedings before Judge Engelmayer. He names as Defendants (1) lead detective James Johnson;

(2) Assistant United States Attorneys Daniel Wolf, Benjamin Shrier, and Rushmi Bhaskaran; (3) defense counsel Susan Kellman, Ezra Spilke,[2] and Kevin Keating; and (4) Judge Engelmayer. Plaintiff seeks to be exonerated of all charges, as well as money damages.

The following information is taken from the complaint and court records.[3] Plaintiff was charged with various sex trafficking offenses, including sex trafficking by force, fraud, or coercion, and conspiracy to commit the same, in a criminal case before Judge Engelmayer. *See United States v. Randall*, ECF 1:19-CR-0131-06, 1. On December 2, 2020, the Government indicted Plaintiff on the same charges in the United States District Court for the Eastern District of New York. *See United States v. Andrews*, No. 2:20-CR-0546 (E.D.N.Y. filed Dec. 2, 2020). The following day, on December 3, 2020, an order of *nolle prosequi* was entered in this court dismissing the charges in the interests of justice. ECF 1:19-CR-0131-06, 595. The same prosecutors are now prosecuting the criminal case against Plaintiff in the Eastern District, and the same attorneys are representing Plaintiff in that case.

Plaintiff brings this action alleging that Defendants were aware that the Southern District of New York had no jurisdiction over his criminal case, and that he should have been charged in the Eastern District of New York. Despite this knowledge, he asserts, Defendants chose to continue the prosecution in this court, which resulted in his confinement for over two years. In particular, Plaintiff alleges that the defendants violated his rights in the following manner: (1) Detective Johnson "fabricated the case from the beginning and brought about the sex

---

[2] Plaintiff refers to this defendant as Izra Spilke, but according to the docket of the criminal case, his name is Ezra Spilke.

[3] The Court may consider matters that are subject to judicial notice. *See* Fed. R. Evid. 201(b)-(c); *Schenk v. Citibank/Citigroup/ Citicorp,* No. 10-CV-5056 (SAS), 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010) (citing *Anderson v. Rochester–Genesee Reg'l Transp. Auth.,* 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

trafficking case," destroyed evidence, and lied about a witness (ECF 2, at 2); (2) the Government attorneys violated Plaintiff's right to due process; (3) the defense attorneys refused to submit certain documents to the courts at Plaintiff's request and failed to avoid conflicts of interest, advocate on his behalf, and inform him of important developments in the case; and (4) Judge Engelmayer "overlook[ed] or disregard[ed]" his oath to obey the Constitution (*id*. at 4). Plaintiff asserts claims of malicious prosecution and "civil rights violations," contending that that his right to a speedy trial was violated, he was denied due process, and that he received ineffective assistance of counsel. (*Id*. at 6.)

## DISCUSSION

Because Plaintiff alleges that his constitutional and civil rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C.§ 1983].").[5] The Supreme Court

---

[4] Plaintiff's assertions could also be construed as being brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, which provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The FTCA requires administrative exhaustion before a suit may be brought in federal court, and "[t]his requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2d Cir. 2005); *see also Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021) ("[T]he waiver [of sovereign immunity] is subject to a jurisdictional prerequisite: a tort action "shall not be instituted . . . against the United States for money damages . . . unless the claimant shall have first *presented* the claim to the appropriate Federal agency" for its review.") (emphasis original). Plaintiff does not allege any facts suggesting that he has complied with the FTCA's procedural requirements before filing this action. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). In addition. "the FTCA does not authorize suits for intentional torts based upon the actions of Government prosecutors." *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994).

[5] As federal courts have analogized *Bivens* claims to those brought under Section 1983, caselaw from Section 1983 claims may be used to address issues in *Bivens* claims. *See Butz v.*

4

has recognized *Bivens* claims in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The Supreme Court has made it clear that further expanding the *Bivens* remedy "is a disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1857 (internal quotations omitted).

Here, Plaintiff brings claims of malicious prosecution. Whether Plaintiff may bring Fourth amendment malicious prosecution claims under *Bivens* is not clear,[6] but the Court need not consider this issue here because, as set forth below, Plaintiff names defendants who are absolutely immune from suit or not liable under *Bivens*, and he fails to state viable malicious prosecution claims.

### A.  Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in

---

*Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51 (2012) (summary order) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

[6] To determine whether a *Bivens* remedy is available, a court must determine whether the claim falls within one of the recognized *Bivens* actions or whether it presents a new context that is "different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar*, 137 S. Ct. at 1859. If the claim arises in a new context, a court must consider whether there are "special factor[s] counseling hesitation" in creating a new *Bivens* remedy. *Id.* at 1858. Plaintiff's malicious prosecution claim may present a new *Bivens* context. *See Powell v. United States*, No. 19-CV-11351 (AKH), 2020 WL 5126392, at *7 (S.D.N.Y. Aug. 31, 2020) (holding that malicious prosecution claims present a new *Bivens* context); *Butler v. Hesch*, No. 16-CV-1540, 2020 WL 1332476, at *11-12 (N.D.N.Y. Mar. 23, 2020) (collecting cases from circuit courts finding that claims of malicious prosecution would require an extension of *Bivens*).

nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff's claims against Judge Engelmayer must be dismissed because he fails to allege any facts showing that the judge acted beyond the scope of his judicial responsibilities or outside the court's jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Engelmayer for "acts arising out of, or related to, [an] individual cas[e] before the judge," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Engelmayer under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.      Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "intimately associated with the judicial phase of the criminal process," rather than investigative in nature. *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts

that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff sues Assistant United States Attorneys Daniel Wolf, Benjamin Shrier, and Rushmi Bhaskaran for conduct related to his criminal proceedings. Plaintiff contends that these defendants violated his right to a speedy trial and denied him due process. As the alleged violations are based on actions within the scope of their official duties as prosecutors and associated with the conduct of a trial, they are therefore immune from suit for such claims. Accordingly, Plaintiff's claims against the prosecutors are dismissed because he seeks monetary relief against defendants who are immune from suit and the claims are frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**C.     Private Actors**

To state a claim for relief under *Bivens*, a plaintiff must allege facts plausibly showing that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Plaintiff brings claims against private attorneys Susan Kellman, Ezra Spilke, and Kevin Keating, who he contends provided ineffective assistance of counsel in the criminal case in this court. These defendants, however, are private parties who cannot, for purposes of *Bivens* claims seeking money damages, be deemed government actors when acting as his defense counsel. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defenders do not act "under color of state law" in performing their functions as counsel to indigent defendants); *see also Olmeda v. Babbits*, No. 07-CV-2140 (NRB), 2008 WL 282122, at *7 (S.D.N.Y. Jan. 28, 2008) (holding that

7

a public federal defender cannot be sued under Section 1983 or *Bivens*). Plaintiff therefore cannot state a *Bivens* claim for damages against these defendants.

**D.     Malicious Prosecution**

The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002).

Plaintiff has failed to plead facts sufficient to support a malicious prosecution claim against Detective Johnson, the only remaining defendant, or any other individual. Generally, a police officer cannot be held liable for malicious prosecution because the officer usually does not initiate or continue criminal proceedings. "[T]here is a presumption that a prosecutor exercises independent judgment in bringing a criminal case, thereby breaking any chain of causation between a police officer's conduct and the initiation of the proceeding." *Stukes v. City of New York*, No. 13-CV-6166, 2015 WL 1246542, at *9 (E.D.N.Y. Mar. 17, 2015); *see Hartman v. Moore*, 547 U.S. 250, 263 (2006) ("Where an allegation of misconduct is directed at the police, 'a malicious-prosecution claim cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by [the] police."). However, a police officer may be liable for malicious prosecution if they "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" or if he fabricates evidence or withholds relevant and material information from the prosecutor. *Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006) (internal quotation marks omitted).

8

Here, Plaintiff does not allege any facts suggesting that Johnson exerted any pressure on the prosecutors to bring charges against him, but his assertions that Johnson fabricated the case against him, destroyed evidence, and lied about a witness may indicate that Johnson influenced the prosecutors' decision to initiate or continue the criminal proceeding against Plaintiff.

Even assuming that Johnson could be held responsible for the initiation or continuation of the criminal proceeding against Plaintiff, and that Plaintiff meets the next two elements of a malicious prosecution claim – lack of probable cause and malice – he fails to show that the proceedings terminated in his favor. For the purpose of a malicious prosecution claim, a prosecution terminates in a plaintiff's favor when "the criminal proceedings against him [are] terminated in a manner indicating his innocence." *Lanning v. City of Glen Falls*, 908 F.3d 19, 29 (2d Cir. 2018); *see also Fulton*, 289 F.3d at 196 ("Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence.") For example, when "the dismissal is without prejudice and the prosecution may proceed on an amended information," there is no favorable termination. *Marino v. Jonke*, No. 11-CV-0430 (VB), 2012 WL 1871623, *7 (S.D.N.Y. Mar. 30, 2012).

The charges against Plaintiff in this court were dismissed *nolle prosequi*, which is a dismissal of a criminal indictment without prejudice unless otherwise specified. *United States v. Salim*, No. 98-CR-1023 (LAK), 2020 WL 2420517, at *2 (S.D.N.Y. May 12, 2020) (citing Black's Law Dictionary (11th ed. 2019)); *see also Spak v. Phillips*, 857 F.3d 458, 463 (2d Cir. 2017) (a *nolle prosequi* is not the equivalent of a dismissal of a criminal prosecution with prejudice, because jeopardy does not attach"). The dismissal of Plaintiff's criminal action *nolle prosequi* does not satisfy the favorable-termination requirement for malicious prosecution

9

because the *nolle prosequi* was not entered for reasons consistent with Plaintiff's innocence. Rather, the filing of the same charges against Plaintiff in the Eastern District of New York the day before the *nolle prosequi* was entered demonstrates that the criminal prosecution in this court did not terminate in a manner affirmatively indicating Plaintiff's innocence. Because Plaintiff cannot bring malicious prosecution claims predicated on the *nolle prosequi*, his claims against Johnson or any other defendant must be dismissed for failure to state a claim on which relief may be granted.

### E.     *Younger* Abstention

Plaintiff brings this action seeking to be exonerated of all charges. To the extent this action could be read as a request for intervention in Plaintiff's ongoing criminal proceedings in the Eastern District of New York, the Court denies the request. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts may not stay or enjoin pending state court proceedings except under extraordinary circumstances. Courts have extended the holding of *Younger* to decline to enjoin federal prosecutions. *See, e.g.*, *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum."); *Kajtazi v. Johnson-Skinner*, No. 16-CV-9434 (AJN), 2017 WL 436038, *2 (S.D.N.Y. Jan. 30, 2017). As Plaintiff does not state any facts suggesting that any circumstances – let alone, extraordinary circumstances – warrant this Court's intervention in another district court's proceedings, the Court declines to intervene in Plaintiff's Eastern District proceedings. Any challenge to Plaintiff's prosecution must be raised in those proceedings.

F.     **Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action. *See* 28 U.S.C. § 1915A(b)(1), (2).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 18, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge