UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL ANDREWS,

                        Plaintiff,

              -against-

JAMES JOHNSON; DANIEL H.. WOLF;
BENJAMIN SHRIER; RUSHMI BHASKARAN;
JUDGE ENGELMAYER; KEVIN KEATING;
SUSAN KELLMAN; IZRA SPILKE BARRY,

                        Defendants.

21-CV-8310 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently detained at the Suffolk County Correctional Facility, filed this

action *pro se*. On January 18, 2022, the Court dismissed the complaint and entered judgment. On

February 15, 2022, although his time to appeal has not yet expired, Plaintiff filed a motion for an

extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate

Procedure. He did not, however, file a notice of appeal. For the following reasons, the Court

construes Plaintiff's motion for an extension as a timely notice of appeal.

## DISCUSSION

        Under Rule 4 of the Federal Rules of Appellate Procedure, a notice of appeal in a civil

action must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A).When any

party is a current or former federal officer or employee sued in his or her official capacity, or in

his or her "individual capacity for an act or omission occurring in connection with duties

performed on the United States' behalf," however, a litigant has 60 days from the entry date of

the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P.

4(a)(1)(B)(iii), (iv). Because Plaintiff sued several federal officers or employees in this action, he

has 60 days from January 18, 2022, that is, until March 21, 2022, to file a timely notice of appeal.[1]

Plaintiff filed a motion for an extension of time despite the fact that his time to appeal has not yet expired, and he did not file a notice of appeal. The Court, therefore, will consider whether the motion could be construed as a notice of appeal.

Under Rule 3 of the Federal Rules of Appellate Procedure, a notice of appeal must (1) "specify the party or parties taking the appeal by naming each one in the caption or body of the notice," (2) "designate the judgment, order, or part thereof being appealed," and (3) "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(A)-(C). The Supreme Court has instructed courts to "construe Rule 3 liberally when determining whether it has been complied with, [but] noncompliance is fatal to an appeal." *Smith v. Barry*, 502 U.S. 244, 248 (1992). "Thus, when papers are technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* (internal quotation marks and citation omitted, alteration in original); *see also* Fed. R. App. P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."). Further, federal courts "take 'a liberal view of papers filed by indigent and incarcerated [litigants], as equivalents of notices of appeal.'" *Barrett v. United States*, 105 F.3d 793, 795 (2d Cir. 1996) (quoting *Coppedge v. United States*, 369 U.S. 438, 442 n.5 (1962)). "If a document filed within the time specified by Rule 4 gives the notice required by Rule 3," that is, it "specifically indicate[s] the litigant's intent to

---

[1] Because the last day of the 60-day period will actually fall on Saturday, March 19, 2022, the expiration date of that period is extended to the next court business day, Monday, March 21, 2021. *See*. Fed. R. App. P. 26(a)(1)(C).

seek appellate review [and, therefore,] provides sufficient notice to other parties and the courts [of the litigant's intent,] . . . it is effective as a notice of appeal." *Smith*, 502 U.S at 248-49; *see Barrett*, 105 F.3d at 795 ("A pro se party's filing will suffice as a notice of appeal so long as it 'evinces an intent to appeal an order or judgment of the district court and [the] appellee has not been prejudiced or misled by the notice.'") (citation omitted)).

Here, Plaintiff's motion is not captioned as a notice of appeal and he does not specify the court to which he wishes to take his appeal. Plaintiff does, however, declare his intent to appeal from the Court's January 18, 2022, order and judgment, and it is clear that the only possible appellate forum is the United States Court of Appeals for the Second Circuit. *See Barrett*, 105 F.3d at 796 (*pro se* submission satisfied the requirement to name the court to which an appeal was to be taken, even though the Second Circuit was not specified, because the Second Circuit was the only court in which the appeal could be taken). The Court therefore finds that Plaintiff's motion for an extension of time satisfies the requirements of Rule 3 of the Federal Rules of Appellate Procedure, and construes that motion as a timely notice of appeal. The Court therefore directs the Clerk of Court to process Plaintiff's notice of appeal accordingly. The Court denies Plaintiff's motion for an extension of time to file a notice of appeal as moot.

## CONCLUSION

The Court construes Plaintiff's motion for an extension of time to file a notice of appeal (ECF 8) as a timely notice of appeal. The Court therefore directs the Clerk of Court to process Plaintiff's notice of appeal accordingly.

The Court Plaintiff's motion for an extension of time to file a notice of appeal as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

      The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    March 8, 2022
         New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
                  Chief United States District Judge